**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WELLS FARGO BANK, N.A.,

      Plaintiff,

vs.                                     Case No:  3:14-cv-844-J-32MCR

KENNETH NEWTON, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Kenneth Newton's Application to

Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("Application")

(Doc. 3), which the Court construes as a motion to proceed *in forma pauperis*.  For the

reasons stated herein, the undersigned recommends the Application be **DENIED** and

this case be **REMANDED** to the Circuit Court for the Fourth Judicial Circuit in and for

Duval County, Florida.

      The Court may, upon a finding of indigency, authorize the commencement of an

action without requiring the prepayment of costs, fees or security.  28 U.S.C. §

1915(a)(1).  The Court's decision to grant *in forma pauperis* status is discretionary.  *See*

*Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  While a litigant need not show

that he is "absolutely destitute" to qualify for *pauper* status under section 1915, a litigant

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Rule 72(b), Fed. R. Civ. P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam).  The Court's "consideration of a party's ability to pay . . . is not limited by the party's application for leave to proceed *in forma pauperis*" and the Court may look beyond the application.  *Id.* at 1307 n.3.  The Court has "wide discretion" in ruling on a motion to proceed *in forma pauperis*, and should grant the privilege to proceed *in forma pauperis* "sparingly."  *Id.* at 1306.  It is important to determine whether a litigant qualifies for *pauper* status because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In the present case, the Application indicates that Defendant Newton's current monthly income is $3,245.74, which includes a workers' compensation payment of $586.00, a military retirement pension of $1,347.34, and a military disability payment of $1,312.40 (Doc. 3).[2]  The Application also indicates that Defendant has no dependents, that he has $500.00 in a checking account, that he owns one vehicle, and that his monthly income exceeds his monthly expenses by more than $500.00.[3]  *Id.*

Based on the information provided in the Application, it appears Defendant can provide necessities for himself and also pay the filing fee and costs associated with this action "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*,

---

[2] Although Defendant is employed by Fedex Ground, where his take-home pay per week is between $194 and $205, he has been on a leave of absence since April of this year due to an injury.  *Id.*

[3] Some of Defendant's listed monthly expenses do not qualify as necessities - *e.g.*, a monthly payment of $150.00 for Scott's Lawn Service, a monthly payment of $300.00 for paralegal/legal services, a monthly payment of $220.00 for Comcast services, a monthly payment of $200.00 for a cell phone, and a monthly payment of $45.00 for a Safe Touch security system.  *Id.*

21 F. App'x 239, 240 (6th Cir. 2001); *see also Schmitt v. U.S. Office of Personnel Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009). Thus, Defendant does not meet the financial criteria to proceed *in forma pauperis*.

Moreover, Defendant's application to proceed *in forma pauperis* fails to survive the frivolity review required under 28 U.S.C. § 1915(e) because the Court lacks subject matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006) ("The rule of construing removal statutes strictly and resolving doubts in favor of remand is well-established."). The Court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found. *Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir. 1992).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Parties seeking to invoke the limited jurisdiction of the federal court must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. §§ 1331 & 1332. The party removing an action originally filed in state court to federal court

bears the burden of proving that federal jurisdiction exists.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001).

On July 21, 2014, Defendant Kenneth Newton filed a Notice of Removal notifying the Court of his intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth facts establishing that the Court has jurisdiction over this action (Doc. 1).  Specifically, in the Notice of Removal, Defendant Newton asserts this Court has jurisdiction over this foreclosure action pursuant to Rule 60 of the Federal Rules of Civil Procedure.  *Id.*  In the Civil Cover Sheet, Defendant selected federal question as the basis of jurisdiction and identifies the cause of action as the Fair Debt Collection Practices Act (Doc. 1-2).

However, there is no federal question jurisdiction in this case because there is no claim arising under federal law "on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong,* 651 F.3d 1241, 1251 (11th Cir.2011) (quoting *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).  The decision of whether a claim arises under federal law for purposes of § 1331 is determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar*, 482 U.S. at 392.  The Court does not look beyond Plaintiff's complaint to determine the existence of federal question

4

jurisdiction.  *Id.*  Therefore, removal is only proper under § 1441 if Plaintiff's well-pleaded complaint asserts a federal cause of action against the defendant.  Here, Plaintiff's complaint asserts claims for mortgage foreclosure, re-establishment of lost note, and reformation of mortgage.  Thus, Plaintiff's complaint does not allege a cause of action that would invoke federal question jurisdiction, and Defendant has failed to satisfy his burden of proving facts supporting the existence of federal question jurisdiction over this case.  To the extent Defendant is attempting to remove this action by stating defenses or counterclaims which invoke federal statutes, that basis of removal is improper.  Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court.

Defendant has not alleged in the Notice of Removal that this action is removed to this Court on the basis of diversity jurisdiction.  Diversity jurisdiction requires complete diversity of citizenship between all parties, and the amount in controversy must exceed $75,000.  Complete diversity of citizenship means no defendant may be a citizen of the same state as any plaintiff.  28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  A natural person's citizenship is determined by the person's "domicile," which is "the place of his true, fixed and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  A corporation is deemed a citizen of any State where it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

In any event, under 28 U.S.C. § 1441(b), diversity is not a ground for removal if the defendant is a citizen of the state in which the action is brought.  Here, Defendant lists his county of residence as Jacksonville, Florida.  Defendant, a Florida citizen, cannot remove to federal court an action brought against him in a Florida state court. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("When a case is removed based on diversity jurisdiction . . . the case must be remanded to state court if . . . one of the defendants is a citizen of the state in which the suit is filed.") (citing 28 U.S.C. § 1441(b)).  Therefore, this action is due to be remanded to the state court.

Accordingly, the undersigned respectfully **RECOMMENDS**:

Defendant's Application (Doc. 3), which the Court construes as a motion to proceed *in forma pauperis*, be **DENIED** and this matter be **REMANDED** to the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida.

**DONE AND ENTERED** in Jacksonville, Florida this 12th day of August, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

*Pro se* party

6